## S. C. STONE, RESPONDENT, *v.* THE OREGON CITY MANUFACTURING COMPANY, APPELLANT.

CONTRIBUTORY NEGLIGENCE.—A person employed to work with or around dangerous machinery, is bound to exercise his thinking faculties and give careful attention as to how he passes around it; and if he fail to do so, and is injured in consequence, he is guilty of contributory negligence, which will prevent his recovery for such injury.

RESPONSIBILITY OF AN EMPLOYER.—An employer who provides machinery and controls its operations, must see that it is suitable; and if an injury to the workmen happen by reason of defect *unknown* to the latter, and which the employer by use of ordinary care could have cured, such employer is liable for the injury.

EMPLOYEE TAKES THE RISK INCIDENT TO HIS EMPLOYMENT.—If an employee works with or near machinery which is unsafe, and from which he is liable to sustain injury by reason of its condition, he takes the risk incident to the employment, and cannot maintain an action against his employer for injuries sustained by reason of the defective condition of the machinery.

APPEAL from Clackamas County.

This was an action to recover of appellant, a corporation, damages sustained by respondent while engaged in performing certain work in appellant's woolen mills at Oregon City.

The complainant alleges that he was injured in consequence of the negligence of appellant in allowing a portion of the machinery of the mill to be in an unsafe and insecure condition, of which appellant had notice.

The answer denies the allegation of negligence and notice, and claims that respondent was injured in consequence of his own negligence.

These issues of fact were submitted to a jury, and a verdict returned in favor of respondent in the sum of $5000.

The circumstances of the injury were substantially as fol-

lows: The respondent and one Newell, a laborer who had previously worked at the business, were engaged in carrying rolls of wet cloth from a machine called an extractor, to the outside of the building to a hoisting apparatus. In passing from the latter place to where the rolls of wet cloth were, they had to pass through a passage-way, on one side of which were the extractor and shaft propelling it, and on the other side of the passage was a fan and a shaft upon which the fan revolved. The fan was used for drying wool, and revolved about seven hundred times per minute, running in such a manner as to present the appearance of an object at rest. The extractor was less rapid in its revolutions than the fan, but ran with much more noise, and in a manner much more likely to attract the attention and excite the fear of one not familiar with such machines. This passage-way was about four and a half feet in width.

After he had been employed in this business about two days, respondent was passing in from the hoisting apparatus, to the back side by the extractor, through this passage-way between the two machines, having under his right arm, on the side next to the extractor, his hand-barrow; and in his left hand, next to the fan, a handful of ropes used in binding rolls of cloth together for hoisting. Both of these machines were in motion at the time. As respondent was thus passing along, the rope he was carrying caught and wound around the shaft of the fan and he was suddenly drawn down and wounded in his hand and arm, so as to make amputation just below the elbow necessary. The shaft of the fan was not boxed. There was evidence tending to show that respondent had seen the shaft of the fan immediately before the accident and knew that it was revolving with great rapidity; that he was not thinking of it and was not conscious of danger. There was also evidence tending to show that respondent's attention had been called to the danger that existed from the shaft by a fellow-operative, some time prior to the accident, and that if he had wound up the ropes into a closer body, or had lifted them a little higher, they could not have caught on the shaft.

*Logan & Shattuck, and Johnson & McCown,* for Appellant.

The plaintiff was not relieved from the duty of exercising ordinary prudence, though defendant was guilty of negligence. (*Baxter* v. *Troy & B. R. R. Co.,* 41 N. Y. 502; *Hunt* v. *Erie R. R. Co.,* Id. 296.) Plaintiff must not only prove negligence on the part of defendant, but ordinary care and diligence on his own part. (26 Ill. 373; 20 Ill. 478; 12 Pick. 177; 13 Ill. 585; Am. Law Reg., Mar. 1869, 154.) If defendant knew the character and position of the machinery, and could have avoided danger by raising the rope he was carrying, but did not do so because he did not think, he is guilty of negligence, and cannot recover. (6 Iowa, 443; *Hanlon* v. *City of Keokuk,* 7 Iowa, 488; *P. & C. R. R. Co.* v. *McClurg,* Am. Law Reg., Mar. 1868, p. 277; *Railroad* v. *Evans,* 3 P. F. Smith, 225.)

*S. Huelat and Benton Killen,* for Respondent.

In actions of this kind, it will depend on the circumstances of each case whether the plaintiff must show affirmatively that he was not guilty of negligence. His freedom from fault may be inferred from circumstances. (20 N. Y. 65; 5 N. Y. 21; 19 How. Pr. R. 370; 34 Cal. 153.) An employee who knows nothing of the dangers of the business in which he is engaged has a right to rely upon the superior knowledge of his employer, and upon his care and prudence that he will insure him against all harm. (41 Barb. 367; 13 Pick. 98; 6 Allen, 39; 8 Allen, 441; 10 Gray, 274; 15 U. S. Dig. 401.) It is sufficient if it is fairly inferable from all the facts and circumstances in the case that the plaintiff was free from negligence contributing to the injury. (35 N. Y. 9, 10, 39, 40, 41; 8 Minn. 154; 40 Barb. 193, 211; 20 N. Y. 65, 73, 76; 22 N. Y. 209; 6 Iowa, 453.) The Court has no right to instruct the jury that a particular fact constitutes negligence. (40 Me. 151.)

By the Court, Prim, C. J.:

At the trial of this case, the Court below was asked by appellant's counsel to instruct the jury "that if they be-

lieved from the evidence that respondent Stone knew the position and character of the machine by which he was injured, and could have avoided all danger by raising the ropes which he was carrying a few inches higher, and did not do so because he did not think, then respondent was guilty of negligence, and cannot recover."

In refusing this instruction, we think the Court below erred. The respondent having been injured while engaged in the performance of certain work in the woolen mill of appellant, which required him to pass constantly around and about the machinery thereof, it was his duty to exercise ordinary care and watchfulness in doing so.

The degree of care necessary to be exercised by an employee in working with or around such machinery, should be proportional to the danger usually and necessarily incident to the particular work being performed.

There is very little machinery in a woolen mill but what is dangerous to careless and thoughtless operatives; consequently, we hold that it was the duty of respondent while engaged in working in the vicinity of such machinery to exercise his *thinking faculties*, and give careful attention to the business in which he was engaged. If he failed to do so, and was injured in consequence thereof, it was such negligence as contributed to his own injury and would prevent his recovery in this action. This proposition is sustained by the following authorities: *The Pittsburg & Connellsville Railroad Co.* v. *McClurg*, decided Jan. 7, 1868, in Supreme Court of Penna., reported in Am. Law Reg., Mar. 1868, p. 277; *North Penn. R. R. Co.* v. *Hulman*, 13 Wright, 60; *Railroad* v. *Evans*, 3 P. F. Smith, 255. The last was a case of injury because the plaintiff did not "think or look," and was unconscious of danger. The Court says, "On approaching the road it was his duty to look and listen for an approaching locomotive, and if he saw or heard one coming, to get himself out of the reach of it. * * "If he might have heard or seen the train approaching, or if he saw it and mistook the track it was on, it was negligence in him not to exercise his senses correctly and place himself out of danger." (See, also, *Rush* v. *City of Davenport*, 6 Iowa,

443; *Mobile & Ohio R. R. Co.* v. *Thomas,* reported in Am. Law Reg., March, 1869, p. 154.)

The Court below was also asked by counsel for appellant to instruct the jury that "if they were satisfied from the evidence the machine in question was in the same condition at the time of the accident that it was in at the time plaintiff commenced work for appellant, and that the danger was open and readily discoverable by an ordinarily careful person, the jury may take that fact as evidence that the risk assumed by respondent was such as was incident to the employment in which he was engaged. This instruction the Court refused to give as asked, but modified the same by adding the following: "But if the machinery was of itself improper, or improperly placed by the defendant's neglect, and that impropriety or neglect caused the injury, the plaintiff will not be presumed to have contracted to work with and take the risk of improper machinery."

We think this instruction should have been given as asked, because the evidence reported in this case tends to show that the "machine in question was in the same condition at the time respondent commenced work for appellant that it was in at the time of the accident; and also, that respondent knew the position and character of the machine, or at least had the means of such knowledge. It was in open, plain view, and respondent had been working in its immediate vicinity for two days prior to the happening of the accident. It also appears that the attention of respondent had been called to this machine prior to the accident, by one of the operatives.

The general rule, which is well established by all the cases on this subject, is "that an employer who provides the machinery, and oversees and controls its operations, must see that it is suitable; and that if an injury to the workmen happen by reason of a defect *unknown* to the latter, and which the employer by the use of ordinary care could have *cured,* such employer is liable for the injury." Hence, under this rule it will be seen that it does not necessarily follow, that the employer is liable to his employee for every injury which he may sustain by reason of defective

or improper machinery. But his liability depends, first, upon the fact whether the defect is such a one as could have been cured by the "use of ordinary care" by the employer, or by those appointed by him to superintend and control the machinery; and, secondly, upon the fact whether *such defect was "unknown"* to the employee. By a careful examination of all the authorities, it will be seen that this rule is not only well established, but they go still further, and hold that the employee is accountable for his *means of knowledge. McGlynn* v. *Brodie,* reported in 31 Cal. 376, is a very ably considered case, and that, and the cases cited and reviewed by the Court in delivering the opinion, fully sustain the proposition.

The case in California is very similar to the one under consideration. The plaintiff had been engaged in working in the vicinity of a dangerous piece of machinery called a "cupola," in repairing it, and after he had been so engaged for two days, it fell down and injured him. The Court held that he could not recover of the owners for the injury sustained, on account of his knowledge of the condition of the machinery at the time. The Court says that "when a party works with or in the vicinity of a piece of machinery insufficient for which it is employed, or for any reason unsafe, with a knowledge or means of knowledge of its condition, he takes the risk incident to the employment in which he is engaged, and cannot maintain an action for injuries sustained arising out of accidents resulting from the defective condition of the machinery." (*McGutrick* v. *Mason,* 4 Ohio St. R. 569; *Hayden* v. *Smithville Manufacturing Co.,* 29 Conn. 558; *Williams* v. *Clough,* 3 Hurl. & Norris, 258; *Griffiths* v. *Gidlow,* Id. 648; *Dynen* v. *Leach,* 40 E. L. and E. 492; *Skipp* v. *Eastern Co. Railway Company,* 9 Ex. 223; Story on Agency, sixth edition, § 453, and notes and cases cited.)

The Court below, in refusing the instruction last referred to, refused to submit to the jury the question of fact, whether the respondent had knowledge or the means of knowledge of the dangerous condition of the machine in question at the time of the accident. If this machine was

improperly set up through the carelessness of appellant, or those employed to manage and superintend the work, and respondent was injured in consequence thereof, the only other question of fact to be ascertained in order to fix the liability of appellant, was whether the dangerous condition of the machine was unknown to respondent. That was a question of fact which should have been submitted to the jury, as it appears there was some evidence on that point.

The refusal of these instructions may have prevented a verdict in favor of appellant in the Court below. Therefore, the judgment is reversed and the case remanded to the Court below for a new trial.