**VIOHL *v.* NORTH PACIFIC LUMBER CO.**

80 Pac. 112.

MASTER AND SERVANT—INJURY—FAILURE TO RECALL DANGER—CONTRIBUTORY NEGLIGENCE.

1. Where a servant is suddenly called upon to perform a service requiring prompt and energetic action he cannot as a matter of law be charged with contributory negligence in failing to remember a defect in the machinery he must handle, or a particular danger connected with the work, even though he may previously have known of them.

IDEM.

2. The fact that a servant has knowledge of a danger is not conclusive of negligence in failing to avoid it, but that fact imports negligence only when the danger was of such a character that a man of ordinary prudence and caution would have refused to incur it in the performance of his duties.

From Multnomah: ALFRED F. SEARS, JR., Judge.

Action by Henry Viohl against the North Pacific Lumber Company. From a judgment for defendant, plaintiff appeals.

REVERSED.

For appellant there was a brief over the name of *Chamberlain & Thomas,* with an oral argument by *Mr. Warren E. Thomas.*

For respondent there was a brief over the names of *William D. Fenton* and *Rufus A. Leiter,* with an oral argument by *Mr. Leiter.*

Mr. Justice Bean delivered the opinion of the court.

This is a personal injury action. The plaintiff, while working for the defendant in its sawmill, was caught in a cogwheel gearing and injured. He brought this action to recover damages, alleging that defendant was negligent, among other things, in allowing the lower part of the cogwheels to be uncovered, and in ordering and directing him to work in close proximity thereto while they were in such condition, without cautioning or warning him of the danger. The defense is a denial of negligence, and a plea of assumption of risk and contributory negligence. On the trial the plaintiff was nonsuited, and he appeals.

The facts, so far as necessary for the present purposes, are as follows: The plaintiff at the time of the injury was about 21 years old, and had been at work for defendant about six weeks. He had had no previous experience in sawmills, and but little, if any, at work in or about machinery. He was not employed for any particular purpose, but was a common laborer in the mill, and was first put to work behind the edger, off-bearing. Four or five feet from the place where he was thus required to work was a set of live rolls, extending through the mill, and past the place where he was working, which were used in carrying lumber from the main saw to the edger, and slabs to the cut-off saw, further on. These rolls were driven by a long shaft, upon which were placed at intervals cogwheels which meshed into similar wheels on the ends of the rolls. One set of these cogwheels was about opposite, or perhaps a little behind, the place where the off-bearer from the edger was required to stand while at work. The top of these wheels was covered by an iron casting, but the lower part was uncovered, and about 10 inches from the floor. Between the apron or table of the edger and the line of rolls referred to were skids, upon which the off-bearers from the edger threw the slabs and trimmings, which were then taken up by

other persons and thrown across the line of rolls to the slasher or slab saw. The plaintiff, when first employed, worked behind the edger, off-bearing, for seven or eight days, standing four or five feet from the cogs in question. He was then put to work elsewhere in the mill for a time, and then back to the edger for another three or four days. From that time until the day of the accident he worked at various places in the mill, as directed, but not at the edger. On the morning of the accident he was put to work at the cut-off saw, and while so working the slasher broke down and remained idle for about half an hour. The edger continued operation, however, and slabs and trimmings from it accumulated on the skids and rolls, covering the cogwheels referred to. After the slasher had been repaired, plaintiff was ordered by the foreman to leave his work at the cut-off saw, and assist some other employees in removing and clearing them away. While so engaged his foot slipped, and his heel caught in the cogwheels and was injured. These cogwheels were visible a part of the time while he was off-bearing from the edger, and a part of the time were covered with rubbish and debris. It is probable (though the evidence is not very clear on that point) that he knew they were not entirely covered, but he says his attention was so confined to his work he did not have time to observe them closely.

1. It is not seriously controverted, as we understand it, that there was evidence sufficient, if believed by the jury, to show that the defendant was negligent in leaving the cogwheels uncovered near where its employees were required to work. The contention is that the danger therefrom was open, visible, known to and appreciated by the plaintiff, and therefore he was guilty of contributory negligence at the time of his injury in not looking for or remembering the location of the wheels, and allowing his foot to come in contact therewith. The service being performed by the plaintiff at the time of the accident was not in the regular course of his employment, or, indeed, that of any other workman in the mill. It was an unusual condition, due to the breaking down of the slasher, causing the slabs, etc., to accumulate in and over the cogwheels. The plaintiff and others were, by order of the master, taken from their usual work, and set to removing the

accumulation, so that the mill could be operated in the regular way. The plaintiff's previous knowledge of the location and operation of the cogwheels, if he had such knowledge, was, of course, an important fact for the jury, in determining whether he was acting at the time of his injury as a reasonably prudent man, but it was not necessarily decisive. The service to be performed was probably of a character that required his exclusive attention to be fixed upon it, and that he should act with promptness and rapidity. It cannot, therefore, be said, as a matter of law, that his knowledge of the location of the cogwheels, or his temporary forgetfulness of the danger therefrom, will prevent his recovery: Wharton, Negligence (2 ed.), § 219; *Lee* v. *Woolsey,* 109 Pa. 124; *Kane* v. *North Central Ry.* 128 U. S. 91 (9 Sup. Ct. 16, 32 L. Ed. 339); *Mann* v. *Oriental Print Works,* 11 R. I. 152; *Dallemand* v. *Saalfeldt,* 175 Ill. 310 (51 N. E. 645, 48 L. R. A. 753, 67 Am. St. Rep. 214); *Hale Elevator Co.* v. *Trude,* 41 Ill. App. 253; *Stephens* v. *Hannibal & St. Jo. Ry. Co.* 96 Mo. 207 (9 S. W. 589, 9 Am. St. Rep. 336); *Ryerson* v. *Abington,* 102 Mass. 526; *Greenleaf* v. *Dubuque & Sioux City R. Co.* 33 Iowa, 52.

2. A servant, by entering the employment of a master with knowledge of the conditions under which the work is conducted and of the appliances used, assumes all the open and visible risks incident to such employment; and his temporary forgetfulness thereof or inattention thereto, unless brought about by some cause which to the average man would be adequate to justify the mental state thus designated, would not avail him as an excuse. He is required to use his thinking faculties and exercise ordinary care and prudence under the circumstances: 1 Labatt, Mast. & Serv. § 281; Beach, Contrib. Neg. (3 ed.), § 37. Such are the cases of *Stone* v. *Oregon City Mfg. Co.* 4 Or. 52; and *Hurst* v. *Burnside,* 12 Or. 520 (8 Pac. 888). In both of these cases the question of the plaintiff's contributory negligence was submitted to and passed upon by the jury as a question of fact. In each of them the injured party was engaged in his usual employment in and about dangerous machinery. The court held that it was the duty of a servant, under such circumstances, "to exercise his thinking faculties, and give careful attention to the business in

which he was engaged" (*Stone* v. *Oregon City Mfg. Co.* 4 Or. 52), unless the facts "were such as to excuse him from that degree of care and thoughtfulness a prudent man would ordinarily exercise" : *Hurst* v. *Burnside,* 12 Or. 520, 531 (8 Pac. 893). Where, as in this case, a servant is called upon to execute an order requiring prompt attention and haste, he is not conclusively presumed to remember a defect in the machinery, or a particular danger connected with his work. "A prompt and faithful employee," says the Supreme Court of Pennsylvania in *Lee* v. *Woolsey,* 109 Pa. 124, "suddenly called upon by a superior to do a particular act, cannot be supposed to remember at the moment a particular danger incident to its performance, of which he had previous knowledge; and it would be most unreasonable to demand of him the thought and care which might be exacted where there is more time for observation and deliberation." Whether in such a case the injured party was guilty of contributory negligence is a question of fact, and not one of law. Indeed, in an action against a master to recover damages for an injury to a servant due to the negligence of the former the question of contributory negligence on the part of the injured party is ordinarily a question of fact in all cases: *Nosler* v. *Coos Bay R. Co.* 39 Or. 331 (64 Pac. 644, 22 Am. & Eng. R. R. Cas. 720) ; Beach, Contrib. Neg. (3 ed.), § 448. It is not declared as a matter of law in any case, unless the danger was not only avoidable if the servant had acted prudently, but also such as no prudent man would have incurred. Mere knowledge of the danger is not conclusive of negligence in failing to avoid it. A servant's knowledge and his voluntary exposure to the danger are probative facts from which the ultimate fact of negligence must be determined, but they are not conclusive. That the servant exposed himself to dangers which could have been avoided imports negligence only when they were of such a character that a man of ordinary prudence and caution would have refused to have incurred them in the performance of his duties, and these are ordinarily questions of fact, and not of law: Beach, Contrib. Neg. (3 ed.), § 450; 1 Labatt, Mast. & Serv. § 322.

It follows that the judgment of the court below must be reversed, and a new trial ordered.          REVERSED.