Argued July 17, decided July 30, 1912.

## KOPACIN v. CROWN-COLUMBIA PULP & PAPER CO.

[125 Pac. 281.]

MASTER AND SERVANT—DUTIES OF MASTER.

1. The master should provide his servant with reasonably safe tools, appliances, and place in which to work, and should exercise reasonable care to keep them in a reasonably safe condition.

MASTER AND SERVANT—ACTION FOR INJURIES—QUESTION FOR JURY.

2. Where, in an employee's action for injuries from being thrown against a paper mill machine through the tilting of a defective walking plank, the evidence was conflicting on the circumstances under which the accident occurred, the question of defendant's negligence was for the jury.

TRIAL—EVIDENCE—QUESTION FOR JURY.

3. What a foreigner, testifying with the aid of an interpreter, meant by his broken language, as well as the weight thereof, was for the jury.

MASTER AND SERVANT—ASSUMPTION OF RISK.

4. Where an employee either does not know the circumstances, or, knowing them, does not appreciate the risks, and his ignorance or non-appreciation is not due to negligence or want of due care by him, there is no assumption of risk.*

MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

5. Where, in an employee's action for injuries from being thrown against a paper mill machine through the tilting of a defective walking board, it did not appear that the defect was so obvious that he could not have failed to appreciate the danger of walking upon the board, the question of his contributory negligence was for the jury.

TRIAL—INSTRUCTIONS—EVIDENCE.

6. In an employee's action for injuries from a paper mill machine, against which he was thrown by the tilting of a defective walking board, an instruction that he could not recover if the accident arose from his improper use of the machine, was properly refused, where the only evidence to support it was the mere conjecture of a doctor as to what plaintiff, who was unable to speak English, meant by certain motions made with his uninjured hand while he was being treated.

TRIAL—INSTRUCTIONS—REQUESTS.

7. A requested instruction, substantially given in different language in the main charge, is properly refused.

---

*As to servant's assumption of risk of danger imperfectly appreciated, see note in 4 L. R. A. (N. S.) 990.                    REPORTER.

From Clackamas:   JAMES U. CAMPBELL, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by John Kopacin against the Crown-Columbia Pulp & Paper Co., a corporation, for damages. The facts are as follows:

At the time of the injury complained of, plaintiff was engaged in operating a "wet machine" for defendant in its paper mill at Oregon City. This machine consists, in part, of two large revolving cylinders or rollers, between which the pulp passes and is compressed. The pulp is carried between these rollers by means of a felt, upon which it rests, which extends the full width of the cylinders. Frequently this felt wrinkles or kinks, and sometimes works over to one side of the rollers, making it necessary for the operator to straighten the same out. A wheel is attached to the machine, to be used in regulating the felt. By turning this, the operator can make the felt run true. The wheel is located approximately three feet back from the rollers, six feet eight and three-quarter inches from the front of the machine where the operator usually stands, and about six feet from the floor, upon which the "wet machine" rests. When the machine is in motion, water is constantly dripping from it upon the floor. In order to enable the operator to reach the regulating wheel and other parts of the machine, the defendant, at the time of the accident, maintained a plank about nine feet in length, one and one-quarter inches in thickness, ten inches in width at one end and nine inches at the other, which extended along the side of the machine. The plank formerly rested upon cleats, 2x4x10 inches, which were nailed near the end of the plank, raising the top of the same about five inches above the floor. About 10 days before the accident, a weight fell upon the board and broke off a piece, five inches wide at the narrow end, tapering to a point 14 inches in length, from one corner, and tore the cleat off at the same end. Herman Shercenger, an employee who operated the machine during the

night shift, turned the board with the broken end back from where the operator usually stood, and placed the cleat flatways and lengthwise under the remaining part of the end of the board, thus giving that end a bearing on one side four inches wide. The board remained in this condition until after the accident, when it was repaired by order of the superintendent of the company, and another board placed at the side, both nailed to longer cleats.

Plaintiff avers that on May 5, 1910, the board was elevated a short distance above the floor, lying loosely on certain supports; that defendant negligently allowed the same to become broken and split, so that when plaintiff stepped thereon the board sprang, throwing him in such a position as to place his left hand in connection with the wet machine, thereby lacerating the hand, entirely cutting off the third and fourth fingers, and a part of the second; that the board was placed where it could not be seen plainly, and that plaintiff knew nothing about the dangerous condition of the same; that defendant knew, or with reasonable diligence might have known, of the unsafe condition of the board; that the plaintiff is permanently injured by the lacerations and the loss of the above-mentioned fingers.

Defendant answered, denying the main allegations of the complaint, and asserting that the machine and the appliances around the same were kept in a reasonably safe condition; and that the accident happened on account of the carelessness and negligence of plaintiff. Issue was joined by the reply. The cause was tried before a jury, and a verdict returned in favor of plaintiff for $1,999.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Schuyler C. Spencer.*

For respondent there was a brief over the names of *Mr. Geo. C. Brownell, Mr. Livy Stipp* and *Mr. Wm. M. Stone,* with oral arguments by *Mr. Stipp* and *Mr. Stone.*

MR. JUSTICE BEAN delivered the opinion of the court.

At the conclusion of plaintiff's evidence, counsel for defendant asked for a nonsuit, which was denied, and also requested a directed verdict for defendant. The rulings of the court upon these points are assigned as error. It was the duty of plaintiff, as operator of the machine, to cut off the pulp or sulphite, and to regulate the felt when necessary. At the time of the accident, plaintiff had been working for defendant about a month, operating the machine. He claimed that he stepped upon the board in the usual manner, about two feet toward the middle, for the purpose of reaching the wheel to regulate the felt. The board "raised up slightly," "swung around slightly," and "slipped slightly over," causing him to be thrown suddenly forward. At the same time he grabbed for the wheel, and tried to catch himself with his left hand; but it caught in the rollers, and the third and fourth fingers were completely severed, part of the second finger was taken off, and his hand was badly mangled. Plaintiff states that he stepped toward the middle of the board; but how far he does not know. It appears that the room was so dark that the photographer had to turn on the electric lights, in order to take the picture of the machine. Other witnesses testified that they used the board, while in the same condition, before and after the accident, and that it did not tip with them. Plaintiff, who is a foreigner, states that at one time the broken end of the plank would be at one end of the machine, and at another time at the other end; that he does not recollect how it was situated when the accident occurred.

1. It is the duty of the master to provide his servant with a reasonably safe place to work in, reasonably safe tools and appliances to work with, and to exercise reasonable care and diligence to keep them in that condition.

*Duntley* v. *Inman,* 42 Or. 334, 340 (70 Pac. 529: 59 L. R. A. 785).

2. There is no controversy as to the condition of the plank which defendant furnished plaintiff for use while working around the machine. It is contended by defendant's counsel that there is no evidence showing negligence on the part of defendant; and that the broken board had nothing whatever to do with the accident. From the evidence, we think that this was a question for the determination of the jury. The board was offered in evidence, and is an exhibit in the case. From an inspection thereof, and applying natural laws, the jury could have reasonably believed that Kopacin stepped on the side of the board opposite the cleat, and that, the plank and floor being wet and slippery, the former tipped, owing to the defect, and served as a trap, and threw him forward against the machine. There is evidence tending to show this. To be plain, it is difficult to understand how one could step on the side of the board, which is unsupported at one end and near the middle, without its tipping. Kopacin, in his evidence, says that the board raised up, swung around, and slightly slipped. The circumstances, as detailed by the evidence, tend to indicate the manner in which the plank moved, and the proximate cause of the accident.

3. It was necessary for the testimony of Kopacin to be interpreted; and it was peculiarly for the jury to decide what plaintiff meant by his somewhat broken language, as well as the weight and value of the same after it was translated. The jury evidently understood from Kopacin and the witnesses that, on account of the corner of the board being split off, the cleat broken off and placed lengthwise, so that it tipped easily, like a long table with only three legs—something like this:

—the board was in a dangerous condition, and was the proximate cause of plaintiff's fall and injury. The evidence on the part of defendant tends to show a different state of facts. This conflict, however, is settled by the verdict of the jury.

Where there is no proof of any fact by which the defendant's conduct may be ascertained, there is nothing for the jury. The mere proof of an accident, therefore, ordinarily raises no presumption of negligence; but, where it is accompanied by proof of facts and circumstances from which an inference of negligence may or may not be drawn, the case cannot be determined by the court as a matter of law, but must be submitted to the jury. *Galvin* v. *Brown & McCabe,* 53 Or. 598, 608 (101 Pac. 671) ; *Geldard* v. *Marshall,* 43 Or. 438 (73 Pac. 330).

4. The defendant contends that the condition of the board was known to plaintiff, and that the latter assumed the risk, and that he was guilty of contributory negligence. The doctrine of assumption of risk is wholly dependent upon the servant's knowledge, actual or constructive, of the dangers incident to his employment. Where he knows, or in the exercise of reasonable and ordinary care should know, the risks to which he is exposed, he will, as a rule, be held to have assumed them; but, where he either does not know, or knowing, does not appreciate such risks, and his ignorance or nonappreciation is not due to negligence or want of due care on his part, there is no assumption of risk. *Millen* v. *Pacific Bridge Co.,* 51 Or. 538, 549 (95 Pac. 196), and other authorities there cited. There is a difference between knowledge of the surrounding circumstances and appreciation of risk. *Roth* v. *Northern Pac. Lbr. Co.,* 18 Or. 205 (22 Pac. 842). A servant knowing the facts may be utterly ignorant of the risk. *Clarke* v. *Holmes,* 7 Hurl. & N. Rep. 937.

5. It cannot be said, as a matter of law, that the circumstances of this case show conclusively that the danger

and risk of the plank tilting, with a man's weight thereon, was so obvious to an ordinary person that it would, in the performance of duties required in operating the machine, appeal to his senses, so that he would appreciate such danger. *Millen* v. *Pacific Bridge Co.*, 51 Or. 538, 549 (95 Pac. 196); *Johnston* v. *O. S. L. Ry. Co.*, 23 Or. 94 (31 Pac. 283).

At the time of the accident, the plaintiff was engaged in adjusting the felt, which had worked out of place. This naturally required haste and attention. He is not conclusively presumed to have had constantly in mind the particular danger incident to this act. The care and attention required by an employee, while working about dangerous machinery, may depend upon the facts of the particular case. Whether the circumstances were such as to excuse him from that degree of care and thoughtfulness which a prudent man will ordinarily exercise under usual conditions, and whether, in such a case, the injured party was guilty of contributory negligence, are questions of fact for the jury. *Magone* v. *Portland Mfg. Co.*, 51 Or. 21, 28 (93 Pac. 450); *Carroll* v. *Grande Ronde Elec. Co.*, 47 Or. 424, 436 (84 Pac. 389: 6 L. R. A. [N. S.] 290).

The language of this court, in *Viohl* v. *North Pac. Lbr. Co.*, 46 Or. 297, at page 301 (80 Pac. 112, at page 114), is as follows: "Mere knowledge of the danger is not conclusive of negligence in failing to avoid it. A servant's knowledge and his voluntary exposure to the danger are probative facts from which the ultimate fact of negligence must be determined; but they are not conclusive. That the servant exposed himself to dangers which could have been avoided imports negligence only when they were of such a character that a man of ordinary prudence and caution would have refused to have incurred them in the performance of his duties; and these are ordinarily ques-

tions of fact, and not of law." See *Hill* v. *Saugested,* 53 Or. 178, 184 (98 Pac. 524: 22 L. R. A. [N. S.] 634).

The main questions in the case are: Did the company provide plaintiff with a reasonably safe place in which to work? And was the board in a reasonably safe condition to be used for the purpose designed by defendant? It appears that the board had been in use for three years; that it had been broken and one cleat disarranged for 10 days prior to the accident. The jury might fairly have believed that the managers of the company knew, or with reasonable diligence could have known, of the dangerous condition of the same, and, in the exercise of such diligence and care, would have repaired the plank; that the board, in its broken condition, was not reasonably safe for Kopacin to walk upon in regulating and operating the machine.

6. Defendant assigns as error the refusal of the circuit court to give the following instructions, requested by defendant's counsel:

"If you find from the evidence that the plaintiff, while attempting to adjust the felt on defendant's wet machine, failed to use the wheel or attachment on defendant's machine for use in regulating the felt, and instead thereof he was attempting to adjust the felt by taking hold of the same, or some part thereof, with his hand, and while the rollers of the machine were in motion, and that in so doing, and in failing to use the wheel provided for that purpose, he failed to exercise reasonable and ordinary care for his own safety, and that such failure on his part contributed to the accident, your verdict should be for the defendant."

This instruction was requested upon the basis of the testimony of the company's physician, which was to the effect that, after the plaintiff's hand was injured, while he was being treated, he made motions with his other hand, which the doctor construed to mean that he was adjusting the felt with his hands, without using the regu-

lating wheel. This amounts to a mere conjecture. There is no substantial evidence upon which to base such an instruction, and we think the same is not applicable.

7. Counsel for defendant also assigns as error the refusal of the court to instruct the jury as requested, to the effect that if they found from the evidence that the condition of the board did not cause the same to slip at the time of the accident, and was not the proximate cause of such accident, their verdict should be for defendant. The court in its instructions plainly called the attention of the jury to the negligence alleged in the complaint, to wit, that the defendant negligently allowed a certain board, used by plaintiff in his work, to become broken and split, so that when plaintiff stepped upon the same it tilted and sprung and caused the accident. The court directed the jury to confine their deliberations to the particular negligence alleged with reference to the board, and instructed them that they could not find in favor of plaintiff, unless they found that the defendant was negligent in the particular respect charged; and that this negligence caused the accident. We think the requested instruction was substantially given in different language in the charge of the court, and that the cause was properly submitted to the jury.

Finding no error in the record, the judgment of the lower court is affirmed.                              AFFIRMED.