Argued March 6, reversed March 28, petition for rehearing
denied April 23, 1963

## FITZPATRICK *v.* MARASTONI ET AL

379 P. 2d 1022

*Seymour L. Coblens,* Portland, argued the cause
for appellant. With him on the brief were Reinhardt,
Coblens & Stoll, Portland.

*George A. Rhoten,* Salem, argued the cause for re-
spondents. With him on the brief were Myron L. En-
field and Rhoten, Rhoten & Speerstra, Salem.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

## SLOAN, J.

Plaintiff sustained injury when he fell on a mooring dock owned and operated by defendants at Detroit Lake. In this action for damages resulting from the injury defendants were granted a judgment of involuntary nonsuit. Plaintiff appeals.

The dock where plaintiff fell consisted of a number of floating platforms tied together with ropes. On the particular float with which we are immediately concerned the ropes which held the float to an adjacent one were secured along the surface or deck of the float. The ropes were not securely fastened but slack or tolerance was allowed to permit the floats to move with the rise and fall of the water. As the float moved with the water the ropes could either be slack upon the deck or held taut above the deck surface of the float. The ropes in question were placed near the edge of the particular float and apparently at the only place where one could step onto the float from the adjacent one.

Plaintiff, an invitee, fell when he did step from the adjacent float onto the described ropes. He testified that when he observed the ropes that they appeared to be flat upon the deck, but that, in fact, they were stretched tight, like a bow string, and when he stepped on them he was caused to spin and fall. Plaintiff did receive serious injury.

We think the evidence presented a jury question as to whether or not defendant had exercised reasonable care in maintaining the place where plaintiff was injured. Defendant, however, relies on 2 Restatement,

Torts, § 340, which says a landowner is not liable to an invitee "* * * if [the invitees] know of the condition and realize the risk involved therein." Defendant also cites § 893 of the Restatement. The rule suggested by the Restatement is more clearly stated by Prosser:

> "Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so apparent that he may reasonably be expected to discover them and be fully able to look out for himself.* Ordinarily nothing more than a warning is required.* " (Footnotes omitted). Prosser, Torts (2nd Ed 1955), § 78, 459.

Plaintiff did testify that he saw the ropes but that their appearance deceptively led him to believe that they were flat on the deck planking. He stated that he did not see that they were taut, like a spring, until after he fell and was lying on the dock awaiting aid. There was testimony that plaintiff had been on the dock before but no testimony that he was familiar with the place where the accident happened.

So that when we apply § 340 of the Restatement it would still seem that this case presents a question of fact as to whether plaintiff, having seen the condition, should have fully "realize[d] the risk involved therein." Or in the language of Prosser did the sight of the ropes and other conditions existing flash a sufficient warning to plaintiff.

Although *Grover v. Owens*, 1960, 222 Or 496, 353 P2d 254, was decided adversely to that plaintiff the decision is distinguishable from this case and supports our decision here. For in Grover it was said:

> "It is apparent from plaintiff's testimony that she had full knowledge of the wet condition of the

lavatory from many prior experiences, and the dangers involved in its use had previously been amply demonstrated to her." 222 Or 502.

Here there was no evidence of full knowledge. And see *Williamson v. Derry Electric Company,* 1938, 89 NH 216, 196 Atl 265.

This is a very close case but we think the jury should have decided if plaintiff could or should have realized the hazard confronting him.

Reversed.