Argued March 6, affirmed April 10, 1963

## MARTIN *v.* DRETSCH
### 380 P. 2d 788

*Frederic P. Roehr,* Portland, argued the cause for appellant. With him on the briefs were Vergeer & Samuels and Charles S. Crookham, Portland.

*George L. Hibbard,* Oregon City, argued the cause for respondent. With him on the brief were Hibbard, Jacobs, Caldwell & Kincart, Oregon City.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and DENECKE, Justices.

GOODWIN, J.

The defendant appeals from a judgment for the plaintiff in an action for damages arising out of an automobile collision. The principal issue is whether the trial court abused its discretion in not granting one of several motions by the defendant for an order of mistrial.

The plaintiff's attorney in his opening statement improperly injected into the case the plaintiff's experiences in World War II. The defendant's counsel thereupon objected to conduct which he characterized as "waving the flag in front of the jury." The defense also moved, in chambers, for a mistrial. The motion was overruled. The trial court admonished counsel to remain within the pleadings. The plaintiff's attorney made no further overt attempt to get irrelevant matter before the jury. He did, however, permit his client to follow the lead that had been given him in the opening statement. The defendant again made timely objection.

Counsel's tactics were an apparent attempt, under the color of a supposed aggravation of a pre-existing condition, to show that the plaintiff's pre-existing condition was the result of misfortunes suffered by him during military service between 1942 and 1945. The opening statement had referred to the plaintiff's capture by the Japanese, his subsequent hardships in prison, and the like. Later, when a relatively innocuous reference was made by the plaintiff himself to "the docks in Manila", the court promptly told the jury to disregard the irrelevancy. The question now is whether any misconduct chargeable to the plaintiff was bad enough to require another trial. (We note, for the record, that the attorneys who argued this appeal are not those who tried the case.)

■■ The granting of a motion for a mistrial is discretionary. The trial judge is in a better position than is the appellate court to understand the circumstances and the effect of the alleged impropriety in a given case. This court will not disturb the ruling of the trial court unless there is an abuse of discretion. See, e.g., *City of Portland v. Holmes,* 232 Or 505, 376 P2d 120 (1962); *Denton v. Arnstein,* 197 Or 28, 56, 250 P2d 407 (1952).

■ Upon the whole record, there is no substantial reason for a new trial. It is true that the misconduct in the opening statement was such that the trial court, within its discretion, could have granted a mistrial. The court likewise properly could have taken some mild disciplinary action against the plaintiff's attorney after the trial. It does not follow, however, that the court abused its discretion in refusing a mistrial. The court no doubt was confident that the jury would disregard the irrelevant matter. The record does not suggest that the jury was deceived by the tactics of counsel. We find no abuse of discretion.

There are other assignments of error, but they present no points worthy of notice.

Affirmed.