Argued March 5, affirmed April 2, petition for
rehearing denied May 11, 1965

# MICKEL v. HAINES ENTERPRISES, INC. ET AL

### 400 P. 2d 518

*Hayes P. Lavis* and *Robert C. Anderson,* Astoria, argued the cause for appellant. On the brief were Anderson, Fulton & Fulton, Astoria.

*George L. Hibbard,* Oregon City, argued the cause for respondents. On the brief were Hibbard, Jacobs, Caldwell & Kincart, Oregon City.

Before McALLISTER, Chief Justice, and PERRY, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff brought this action to recover damages for personal injuries suffered while a patron at defendant's hotel. At the time of the accident plaintiff was a retired school teacher of 64 or 65 years of age in good physical condition. She was given a room which had a concrete sill about 5¼ inches in height between the room proper and the bathroom. The sill was necessitated because the shower in the bathroom was not partitioned from that part containing the toilet and the wash bowl. It kept the water from the

shower from entering the bedroom. This type of construction is apparently existent in older hotels.

The bedroom floor was covered up to the sill with a dark red carpet. The sill and the bathroom floor were painted a brick red of a lighter shade. The door into the bathroom extended all the way to the bedroom floor, covering the sill when closed.

Plaintiff registered late in the afternoon and first became aware of the sill after dinner when a friend used the bathroom. She used the bathroom herself before retiring that evening and again the next morning upon arising. Upon returning to her room at noon she opened the bathroom door, forgot that the sill was there and tripped over it and fell, receiving serious injuries. She testified as follows:

"* * * What happened next.

"A I momentarily forgot that the, there was anything between the bathroom and the bedroom.

"Q You forgot the threshold was there.

"A Yes. * * *"

The case was presented to the jury upon the issues of defendant's negligence and plaintiff's contributory negligence. A verdict for plaintiff was set aside by the trial court, and a judgment notwithstanding the verdict was granted to defendant. Plaintiff has appealed.

Two questions are raised: (1) was there sufficient evidence of defendant's negligence to go to the jury and (2) was plaintiff contributorily negligent as a matter of law.

■ A guest at a hotel occupies the position of an invitee. The proprietor of the hotel, among other duties, has the duty to warn a guest of latent dangers of which he knows or in the exercise of reasonable care

should have known and to take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use of the premises. Prosser on Torts, 3rd ed., ch. 11, § 61, page 402.

■ A 5¼ inch door sill in such a location is an unusual situation. A latent danger was created by painting it the same color as the bathroom floor and a shade of red which closely approximated the color of the rug in the bedroom. The danger was further enhanced by covering the sill from the view of one entering the bathroom by a door going clear to the bedroom floor. This disguised the unexpected and the difficult to see.

Plaintiff has charged negligence for failure to place an eye-level sign on the door warning of the danger. We believe there was evidence from which the jury could find that the proprietor of a hotel, in the exercise of reasonable care, would have done so.

■ Defendant claims the failure to give such a warning is immaterial and cannot be a cause of the accident because the plaintiff was aware of the danger prior to her accident. Prior knowledge of the danger by the injured person will not in all instances absolve the property owner of responsibility.

> "* * * In any case where the occupier, as a reasonable man, should anticipate an unreasonable risk of harm to the invitee notwithstanding his knowledge, warning, or the obvious nature of the condition, something more in the way of precautions may be required. This is true, for example, where there is reason to expect that the invitee's attention will be distracted, as by goods on display, or that after lapse of time he may forget the existence of the condition, even though he has discovered it or been warned; or where the condition is one which would not reasonably be expected, and for some reason, such as an arm full of bundles, it may be

anticipated that the visitor will not be looking for it. * * * In all such cases the jury may be permitted to find that obviousness, warning or even knowledge is not enough. * * *" Prosser on Torts, Ch. 11, § 61, page 404.

The question remains was the nature of the danger and plaintiff's knowledge of it, in view of the surrounding circumstances, such that a person in her position, exercising reasonable care for her own safety, would not have been injured. In other words, was plaintiff guilty of contributory negligence as a matter of law.

Most cases which hold that it is a jury question whether momentary forgetfulness of a known danger constitute negligence have an added factor of some sort which justifies in some part the lapse of memory. It may be physical or mental infirmity, advanced age, a long length of time since the danger was brought to their attention, the happening of an unusual occurrence which was distracting, or serious preoccupation with some problem such as illness of a close relative or a job of work which required intense concentration.

There are, however, a few cases which hold that momentary forgetfulness without any mitigating factor does not constitute negligence as a matter of law. *Pollard v. Broadway Central Hotel Corp.*, 353 Ill 312, 187 NE 487 (1933), was a case in which plaintiff was caused to fall by an offset in the floor in a poorly lighted corridor. She had used the same corridor once previously about 12 hours before. In *Tybee Amusement Co. v. Odum*, 51 Ga App 1, 179 SE 415 (1935), plaintiff was also caused to fall by an offset in the floor in a poorly lighted dance pavilion which she had traversed a few hours previously when entering the building. In *Britch v. Town of Sheldon*, 94 Vt 235, 110 A 7 (1920), plaintiff was injured when he ran

into an unlighted culvert repair at night which he had passed by some seven hours earlier.

There appears to be a greater number of jurisdictions holding that momentary forgetfulness, in the absence of extenuating circumstances, is negligence as a matter of law, *Brant v. Van Zandt*, (Fla) 77 So2d 858 (1954), forgetting stairs in the dark which plaintiff had not used previously but had seen twice; *City of Birmingham v. Monette*, 241 Ala 109, 1 So2d 1 (1941), plaintiff forgot slope and slickness of brick sidewalk she had used many times; *Clark v. Missouri Natural Gas Co.*, (Mo) 251 SW2d 27 (1952), plaintiff in the dark fell over a gas pipe left laying across a sidewalk she had traversed two and one-half hours previously at which time she had to step over the pipe; *Ferrie v. D'Arc*, 31 NJ 92, 155 A2d 257 (1959), plaintiff forgot railing around the back porch had been removed though she had noticed it at least three times in the last 24 hours. In *Mayor of City of Knoxville v. Cain*, 128 Tenn 250, 159 SW 1084 (1913), the plaintiff fell over some stakes left standing in the sidewalk. They had been there for two or three weeks and he had seen them every day. The court stated as follows:

"* * * We agree that a citizen walking along a street does not have to keep his eyes on the pavement all the time; that he may presume the city has done its duty; that even when he knows it has not done its duty, and there is a defect of which he has knowledge, he does not have to keep the defect in mind at all times on peril of suffering injury without redress; that if his attention is called away by any cause adequate to effect that result, consdiering human nature in its ordinary aspects, and with regard to its ordinary susceptibilities, he may be excused; and that a jury must

judge of the adequacy and reasonableness of such cause as related to the duty of ordinary care on the part of the citizen. We can understand how terror, caused by the near approach of a runaway horse, or of a rabid dog, or the approach of any dangerous animal, or the threatening aspect of a dangerous, violent man, or a sudden fire alarm, or the happening of an accident to any person in view of one, or the suddenly communicated news of the illness of a relative or friend, or the absorption of the mind in the condition of a sick relative or friend just visited, or about to be visited, or even the hail of an acquaintance across the street, may divert the attention from a known danger, without impeachment of negligence on the part of the person so diverted (having respect however, always to the gravity of the danger, which, when great, should command the greater attention); but we do not see how one can be excused who admits that there was nothing to divert his attention, that he simply forgot—that is, that he failed to pay attention to his going. Therefore, while it is true, as laid down in Knoxville v. Cox, that the mere fact of a temporary lapse of memory in presence of a known danger is not always proof of negligence, yet we think this must be understood with the qualification above indicated; that is, that such lapse must be shown to have reasonable cause, one which is apart from mere inattention. The duty of every one in presence of a known danger is to give heed, and to walk with care; yet the law recognizes the truth that men are imperfect, that few have adequate command of their faculties, emotions, and propensities, and the power of steady attention, and that most are easily moved from the due balance of mental composure. So it is the exceptions we have mentioned, and others like them, are tolerated out of tenderness to the weakness of human nature. But we do not think we should go the length of holding that every lapse of memory is excusable. * * *"

■ There are so many factors that can contribute to whether the person who has momentarily forgotten was in fact acting as a reasonably prudent person that it is difficult to lay down any general rule. Forgetting the known danger will not in all instances make a person negligent. *Viohl v. North Pac. Lbr. Co.*, 46 Or 297, 300, 80 P 112; *Magone v. Portland Mfg. Co.*, 51 Or 21, 28, 93 P 450; *Kopacin v. Crown-Columbia Pulp & Paper Co.*, 62 Or 291, 297, 125 P 281. The better and more prevalent rule appears to be that there must be a lapse of time since notice of the danger which would justify forgetfulness or some substantial diverting circumstance in order to prevent a person who has forgotten from being negligent as a matter of law. *Carroll v. Grande Ronde Elec. Co.*, 47 Or 424, 437, 84 P 389. In *Viohl v. North Pac. Lbr. Co.*, supra, the court said:

"* * * his temporary forgetfulness thereof or inattention thereto, unless brought about by some cause which to the average man would be adequate to justify the mental state thus designated, would not avail him as an excuse. He is required to use his thinking faculties and exercise ordinary care and prudence under the circumstances. * * *"

Such lapse of time or diverting circumstance having been shown, it is a jury question in all instances whether the person who has momentarily forgotten has acted as a reasonably prudent person under the circumstances. How substantial a circumstance or long an interval of time will serve to make a jury question may also be dependent upon the age and condition of the person who has forgotten.

■ Plaintiff was in good mental and physical condition for a woman of her age. She became aware of

the danger when her companion used the bathroom. She thereafter had to step over the sill four times, in using the bathroom twice, prior to her accident. All this occurred in a 20 hour period. No distracting occurrence or circumstance is shown to have impaired her attention at the time of the accident. Under these conditions we believe she was negligent as a matter of law.

The judgment of the trial court is affirmed.

McALLISTER, C. J., dissenting.

In my opinion the question of plaintiff's contributory negligence was properly submitted to the jury. The lifetime habit of walking from one room to another on the same floor level is not easily broken. When plaintiff returned to her room the 5¼-inch barrier between the bedroom and the bathroom was hidden from her view by the bathroom door. She opened the door and by reflex action stepped forward and was tripped by the sill. The jury was entitled to find, and evidently did find, that she had not occupied the room long enough to become accustomed to this unusual condition, and was, therefore, not negligent in momentarily forgetting about it. In my opinion her conduct was normal and reasonable, and the judgment on the verdict should be reinstated. I dissent.