Argued March 4, affirmed March 23, 1966

McDONALD *v.* WORLD WIDE DODGE, INC.
412 P. 2d 371

*William A. Martin,* Portland, argued the cause for appellant. With him on the briefs were Davis, Jensen, Martin & Robertson, Portland.

*Donald H. Joyce,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and SLOAN, DENECKE, HOLMAN and LUSK, Justices.

DENECKE, J.

The plaintiff, Mrs. McDonald, slipped and fell on defendant's premises. A jury awarded plaintiff damages for the injuries she incurred in that fall. Defendant appeals.

The defendant is a car dealer. The plaintiff and her husband came to defendant's place of business to look at cars. The salesman asked the husband to bring his car into the service portion of the building to be appraised. The plaintiff and her husband were then furnished with a car to drive for a demonstration. This car was turned over to them in the service area. When the McDonalds finished their demonstration drive, they brought the car back to the service area. Mrs. McDonald stepped out, started walking, and fell.

The defendant contends that the trial court should have held, as a matter of law, that plaintiff was contributorily negligent in failing to keep a lookout, and that such negligence was a cause of her fall.

It had been raining and according to the plaintiff the entire surface of the concrete floor in the service

area was wet with puddles in some areas. Plaintiff saw this before she fell and had been warned of this condition by the salesman. She saw discoloration in the water indicating the presence of oil or grease. After the fall, her husband found grease on the heel of her shoe and on her coat. The jury could rightfully have found that either grease on the floor or a combination of water and grease caused plaintiff to slip.

The plaintiff testified that she got out of the car without looking at the floor surface, took a step or two, and fell.

■ We hold that the issue of contributory negligence was correctly submitted to the jury. The defendant impliedly invited the plaintiff to leave the demonstrator car in this area. The fact that there was grease or oil discoloration in the water is not necessarily an indication that grease is present in sufficient quantity to cause a danger of slipping.

Defendant relies upon *Grover v. Owens,* 222 Or 496, 353 P2d 254 (1960). However, in the instant case the plaintiff is able to prove what this court held in *Grover v. Owens,* supra, was fatally lacking in plaintiff's proof in that case. As we said in the *Grover* case, "Plaintiff contends, however, there was evidence of a deposit on the floor in addition to the water, which deposit caused her to slip, and about which she had no knowledge and was not warned and, therefore, she did not assume this risk." (222 Or at 502) The court held, however: "We believe there is no evidence that anything caused her to fall other than the water." (222 Or at 503) In the instant case the jury could have found that grease caused the plaintiff to slip.

The above statements answer defendants other assignments of error directed at liability.

Defendant also assigns as error the trial court's

denial of its motion for a mistrial. On voir dire one juror stated that he had no claims made against him by his employees. Plaintiff's counsel then asked if he was "covered by Industrial Accident Commission?" The juror answered, "Yes." Another juror stated that her husband had been injured on the job, but that there had been no litigation about this injury. Plaintiff's counsel asked if this injury had been "covered by State Industrial Accident insurance?" The juror answered, "No, I think they have their own insurance." This portion of the voir dire was the ground given for the motion for mistrial. Defendant contends that plaintiff's counsel's questions were deliberate attempts to establish that the defendant was protected by insurance.

■■ We repeatedly state that the granting or denying of a motion of mistrial is largely in the sound discretion of the trial judge. *Martin v. Dretsch,* 234 Or 138, 380 P2d 788 (1963). The questions do not suggest the presence of insurance as much as the questions asked on voir dire in *Johnson v. Hansen,* 237 Or 1, 389 P2d 330, 390 P2d 611 (1964). There, plaintiff's attorney asked, " 'Q In other words, you don't think, for example, that if you gave this woman a large sum of money, you don't feel that directly or indirectly that sum of money might make your cost of living higher in any way whatever?' " (237 Or at 3-4) In that case we held the trial court's denial of a motion for mistrial was not reversible error.

Affirmed.