Argued June 5, reversed and remanded November 29, 1967

# DAWSON, *Appellant, v.* PAYLESS FOR DRUGS, *Respondent.*

433 P. 2d 1019

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the briefs were Pozzi, Levin & Wilson, Portland.

*Walter H. Grebe,* Portland, argued the cause for respondent. With him on the brief were Morrison & Bailey and Thomas E. Cooney, Portland.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and LUSK, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries. At the close of plaintiff's case defendant moved for a judgment of involuntary nonsuit which was granted, and plaintiff appeals.

Plaintiff, a 63-year-old woman, was injured when she slipped and fell on ice in defendant's parking lot in La Grande, Oregon. Plaintiff and her husband drove into defendant's parking lot to shop at defendant's store. After making her purchase she left the store and on the way back to her car she slipped and fell on the icy surface of the parking lot. The accident occurred on December 15. Two inches of snow had fallen. Plaintiff wore low shoes and galoshes. There had been measurable precipitation for eight days prior to the accident. Ice formed on the ground as a result of the rain freezing at night. Plaintiff testified that when she arrived at the parking lot and got out of her car she knew that "it was icy and slick all over," but that it was more slippery where she fell than other areas on which she had walked in the parking lot. She testified that because of the icy condition of the parking area she tried to walk carefully, watching her footing so that she would not fall. She admitted that from her previous use of the parking lot she knew that defendant did not do anything to remove snow or ice from that area.

Defendant's motion for an involuntary nonsuit was made upon the ground that defendant was not negligent or alternatively that plaintiff was contributorily negligent. Defendant's position is that which is expressed in 2 Restatement, Torts § 340 (1934):

"A possessor of land is not subject to liability to his licensees, whether business visitors or gratui-

tous licensees, for bodily harm caused to them by any dangerous condition thereon, whether natural or artificial, if they know of the condition and realize the risk involved therein."

■ Ordinarily, if those who come upon an occupier's premises are aware of a dangerous condition thereon, the occupier's conduct in maintaining the condition cannot be regarded as unreasonable and therefore he is not negligent. The question is whether the plaintiff's knowledge of the danger *inevitably* bars his recovery.[1] Section 340 of the Restatement of the Law of Torts states the rule of the occupier's non-liability without qualification. This unqualified rule has been adopted in numerous cases.[2]

■ But the rule has been severely criticized and in a growing number of cases it has been held that the plaintiff's knowledge of the danger does not necessarily absolve the occupier from liability. Recently we adopted this view. In *Mickel v. Haines Enterprises, Inc.,* 240 Or 369, 372, 400 P2d 518 (1965), we said:

"* * * Prior knowledge of the danger by the injured person will not in all instances absolve the property owner of responsibility."

The Second Restatement of the Law of Torts now states the rule in this qualified form. Section 343A states:

"(1) A possessor of land is not liable to his invitees

[1] The occupier's non-liability is sometimes explained in terms of the absence of any duty to the plaintiff under such circumstances; sometimes in terms of plaintiff's contributory negligence.

[2] See Restatement (Second) of Torts, Appendix 2 § 340 (1966); 2 Harper and James, The Law of Torts, pp. 1489-91 (1956); Prosser on Torts, 403-404 (3d ed 1964). Section 340 was applied in Fitzpatrick v. Marastoni, 234 Or 192, 379 P2d 1022 (1963). See also, Grover v. Owens, 222 Or 496, 353 P2d 254 (1960); Fisher v. Kirk & Son, Inc., 219 Or 402, 347 P2d 851 (1959).

for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." 2 Restatement (Second), Torts at p. 218 (1965).

The comment to this section explains that although in the ordinary case an invitee cannot recover if he has knowledge of the dangerous condition of the premises,

"There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm." 2 Restatement (Second), Torts, Explanatory Notes § 343A, comment *f* at 220 (1965).

■ The rule stated in Section 343A has been applied in fact situations similar to those which are before us in the present case. In several cases it has been held that the jury could find the owner of business premises was negligent in failing to eliminate snow and ice from a parking lot provided for its patrons even though the condition of the parking lot was known to the plaintiff.[9] In our opinion these cases express the preferable view. We hold that there was sufficient evidence

[9] King Soopers, Inc. v. Mitchell, 140 Colo 119, 342 P2d 1006 (1959); Peterson v. W. T. Rawleigh Company, 274 Minn 495, 144 NW2d 555 (1966); Morris v. Atlantic and Pacific Tea Co., 384 Pa 464, 121 A2d 135 (1956).

from which the jury could find that defendant was negligent.

Although plaintiff was aware of the dangerous condition of the parking lot, it cannot be said that she was contributorily negligent as a matter of law. *Massor v. Yates,* 137 Or 569, 3 P2d 784 (1931) is in point. In that case the court held that the plaintiff, a tenant in defendant's apartment house, was not contributorily negligent as a matter of law in attempting to use steps on which defendant had permitted snow and ice to accumulate. The court said:

> "The question of contributory negligence is one of fact for the determination of the jury. If plaintiff knew that the steps were in a dangerous condition, it was incumbent upon her to exercise a higher degree of care, but we cannot say, as a matter of law, that she failed to use that degree of care which an ordinarily prudent person would have exercised under similar circumstances: *Reardon v. Shimelman, supra* [102 Conn 383, 128 A 705, 39 ALR 287]; *Roman v. King,* 289 Mo. 641 (233 S.W. 161, 25 A.L.R. 1263)." *Massor v. Yates,* 137 Or at 574, 3 P2d at 786.[4]

■ Our adoption of the rule stated in Restatement (Second) of Torts § 343A (1965) requires us to overrule several cases in which we have held or assumed that if plaintiff has knowledge of the encountered danger, defendant owes him no duty.[5] The rule we now adopt does not, however, call for any modification of those cases in which we have held that the possessor of land is not liable to an invitee unless the

---

[4] See also, 2 Restatement (Second) of Torts, Explanatory Notes § 466, comment c at 512 (1965); Note 3 *supra.*

[5] McDonald v. World Wide Dodge, Inc., 243 Or 218, 412 P2d 371 (1966); Fitzpatrick v. Marastoni, 234 Or 192, 379 P2d 1022 (1963); Grover v. Owens, 222 Or 496, 353 P2d 254 (1960); Fisher v. Kirk & Son, Inc., 219 Or 402, 347 P2d 851 (1959).

possessor causes the dangerous condition or knows or by the exercise of reasonable care could discover the danger.[⑥]

■ Nor does our present holding go so far as to impose a duty upon the possessor in every case in which he has knowledge of a condition of danger upon his business premises. The duty arises only when the condition is *unreasonably* dangerous. The distinction is developed in 2 Harper and James, The Law of Torts § 27.13, p. 1489-90 (1956). There it is said:

> "People can hurt themselves on almost any condition of the premises. That is certainly true of an ordinary flight of stairs. But it takes more than this to make a condition *unreasonably* dangerous. If people who are likely to encounter a condition may be expected to take perfectly good care of themselves without further precautions, then the condition is not unreasonably dangerous because the likelihood of harm is slight."

Thus, it is pointed out that an ordinary flight of stairs in a common outdoor setting is not an unreasonably dangerous condition, whereas the same stairway covered with ice may be. In the latter circumstance, "the condition of danger is such that it cannot be encountered with reasonable safety even if the danger is known and appreciated." *Id.* at p. 1493. When the potential for harm reaches this level the possessor of business premises should have a duty to take certain precautions for the safety of the invitee.

■■ It does not follow that the possessor is the in-

---

[⑥] George v. Erickson's Supermarket, Inc., 236 Or 64, 386 P2d 801 (1963); Cowden v. Earley, 214 Or 384, 327 P2d 1109 (1958); Waller v. N. P. Ter. Co. of Oregon, 178 Or 274, 166 P2d 488 (1946), cert. den., 329 US 742, 67 S Ct 45, 91 L ed 640; Starberg v. Olbekson, 169 Or 369, 129 P2d 62 (1942); Lee v. Meier & Frank Co., 166 Or 600, 114 P2d 136 (1941).

vitee's insurer. The possessor's duty is predicated upon the assumption that it is feasible for him to remove or ameliorate the unreasonable danger. Moreover, the invitee will be barred by his own contributory negligence. He cannot recover if he acts unreasonably in encountering the danger or, having reasonably encountered the danger, he thereafter fails to exercise due care for his own safety. In deciding the issue of contributory negligence the probability of harm faced by the invitee must be weighed against the compulsion, need, or justification for encountering the danger. In the language of the Restatement (Second) of Torts § 466, comment *c* at p. 512 (1965), the reasonableness of the invitee's conduct is determined by weighing "the probability of harm and its gravity, which the plaintiff realizes or has reason to realize will be involved in the condition created by the defendant, with the value which the law attaches to the advantage which will be lost if the danger is not encountered." The comment goes on to explain that "[i]n many cases the plaintiff is confronted with the necessity of either foregoing * * * a right or privilege * * * which he realizes or has reason to realize is involved in the condition created by the defendant * * *."

■ In the present case the jury could have reasonably found that (1) the probability of harm created by the icy condition of the parking lot was unreasonably great, (2) it was not infeasible for defendant to eliminate the unreasonable danger, (3) plaintiff was not contributorily negligent, and specifically that the importance of plaintiff's mission in shopping at defendant's store was sufficient to justify encountering the danger.

The judgment is reversed and the cause is remanded for a new trial.

PERRY, C. J., dissenting.

I find I am unable to agree with the majority's views under the facts of this case.

The majority fails to mention the fact that according to plaintiff's testimony the means of ingress and egress from the defendant's parking lot to defendant's store was through the rear door and that the sidewalks from which shoppers could enter and leave the front door of defendant's store had been cleared of ice and snow. Therefore, since, as pointed out in the majority's opinion, the plaintiff knew "that from her previous use of the parking lot  *  *  *  the defendant did not do anything to remove snow or ice from that area," and as I have pointed out there was a safe means of ingress and egress to the store, it clearly appears that the plaintiff was not confronted with the necessity of "foregoing" the right to enter the store for the purpose of making a purchase.

The law is well established—and needs no citation of authority—to the effect that a person who needlessly encounters a known hazard is guilty of contributory negligence as a matter of law.

I would affirm the judgment of the trial court.

McALLISTER, J., and LUSK, J., join in this dissent.