Argued and submitted October 17, 1986, remanded with instructions and otherwise affirmed January 28, reconsideration denied March 13, petition for review denied April 7, 1987 (303 Or 261)

# KUNCE,
*Respondent,*

*v.*

# VAN SCHOONHOVEN,
*Appellant.*

(78-4834; CA A37226)

732 P2d 70

Helmut Kah, Eugene, argued the cause and filed the brief for appellant.

Thomas M. Christ, Eugene, argued the cause for respondent. With him on the brief were Louis L. Kurtz, and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this case, plaintiff claimed that defendant damaged a "dwelling house and contents" and sought damages. The jury returned a verdict for defendant. Because defendant was the prevailing party, he claimed that he was entitled to attorney fees pursuant to ORS 91.755, a part of the Residential Landlord and Tenant Act (RLTA). ORS 91.700 to ORS 91.895. The trial court disagreed and entered judgment in defendant's favor without awarding attorney fees. Defendant then filed, pursuant to ORCP 68, a statement of costs and disbursements in which he reasserted the claim for attorney fees. The trial court allowed plaintiff's objections to the statement and entered a second judgment awarding defendant his costs and disbursements only. Defendant timely filed a notice of appeal from both judgments. He assigns error only to the trial court's failure to award attorney fees pursuant to ORS 91.755.[1]

Plaintiff alleged in the amended complaint four theories of recovery for a single claim, alleged to have arisen in June, 1977. Count I alleges that plaintiff and defendant were landlord and tenant and that defendant intentionally damaged the premises. Count II realleges the landlord-tenant relationship and that the damage was due to defendant's negligence. Counts III and IV do not allege a landlord-tenant relationship. Instead, they allege, alternatively, that defendant intentionally or negligently damaged the premises. Plaintiff did not plead a right to recover attorney fees.

Defendant moved to dismiss on the ground that the action was time-barred under ORS 12.125, because all of

---

[1] ORS 91.755 provides:

"In any action *on a rental agreement or arising under ORS 91.700 to 91.895,* reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered." (Emphasis supplied.)

In this action, the original complaint was filed on August 2, 1978. On December 9, 1979, a judgment by default was entered against defendant. In 1981, ORS 91.755 was amended to allow attorney fees to the prevailing party on appeal as well as at trial. Or Laws 1981, ch 897, § 28. On March 13, 1983, the trial court entered an order declaring the judgment void and vacated it. On July 23, 1983, plaintiff filed the amended complaint, which is the pleading on which the judgments appealed from are based. The 1981 amendment to the statute has no bearing on the issue presently before us.

plaintiff's counts arise under a rental agreement or under RLTA. The motion was denied. ORS 12.125 provides:

"An action arising under a rental agreement or ORS 91.700 to 91.895 shall be commenced within one year."

The order denying the motion recites in part:

"Counts I and II are governed by [RLTA] but Counts III and IV are not * * *."

Defendant's answer admitted that the parties were landlord and tenant and generally denied the remaining allegations of the amended complaint; he further alleged a claim for attorney fees pursuant to ORS 91.755 and an affirmative defense based on ORS 12.125. At trial, the evidence was essentially uncontradicted that plaintiff and defendant were respectively landlord and tenant, with defendant occupying the premises under a month-to-month tenancy. Defendant moved for a directed verdict at the end of plaintiff's case in chief and at the close of the evidence, again claiming that ORS 12.125 barred the action. The motions were denied.

Defendant argues that plaintiff's claims are essentially an action under ORS 91.775(6), which provides that the tenant shall

"[n]ot deliberately or negligently destroy, deface, damage, impair or remove any part of the premises or knowingly permit any person to do so * * *."

Under ORS 91.820(5), a landlord may recover damages for noncompliance by a tenant with *either* a rental agreement *or* ORS 91.775. Defendant concludes that, because RLTA is a comprehensive statement of the landlord and tenant relationship, it has replaced the common law on the subject. That being the case, defendant argues, he is entitled to attorney fees under ORS 91.755.

On the other hand, plaintiff argues that none of the counts of the amended complaint allege the breach of a rental agreement or a claim under RLTA. He claims that Counts I and II allege a breach of the common law duty of a tenant not to commit waste and that Counts III and IV allege a breach of the common law duty of all persons not to injure the property of others. *See, e.g., Kirby v. Sonville,* 286 Or 339, 344, 594 P2d 818 (1979). We disagree with respect to Counts I and II; they allege claims under RLTA.

■ ■ Counts I and II each begin with allegations that plaintiff owned a dwelling house, that defendant occupied it "as a tenant pursuant to an agreement with plaintiff" and that, during the course of defendant's tenancy, the house and its contents sustained damage. Count I then alleges that defendant intentionally damaged the property and that that damage diminished the value of the house and contents. Count II alleged the same damages but claimed that they resulted from defendant's negligence. The pleading could not state any more clearly a claim under ORS 91.775(6) that defendant deliberately or negligently destroyed or otherwise damaged the premises. Neither plaintiff's omission of a direct reference to RLTA nor his failure to request attorney fees affects the nature of the claims he pled. Defendant successfully defended against claims brought under the RLTA. The existence of other claims does not affect his right to attorney fees under the act. He is entitled to attorney fees pursuant to ORS 91.755. *See Executive Mtg. Corp. v. Juckett,* 274 Or 515, 519, 547 P2d 603 (1976).

Remanded with instructions to award attorney fees; otherwise affirmed.