Argued and submitted November 18, 1988, reversed and remanded with instructions May 10, reconsideration denied June 23, petition for review denied August 1, 1989 (308 Or 198)

STEININGER,
*Respondent,*

*v.*

TOSCH,
*Appellant.*

(A8606-03283; CA A47907)

773 P2d 15

Rudy R. Lachenmeier, Portland, argued the cause for

appellant. With him on the briefs was Edward S. McGlone III, Portland.

Jeffrey P. Foote, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant prevailed in plaintiff's action for personal injuries and appeals the judgment that denied him attorney fees under ORS 91.755, part of the Residential Landlord and Tenant Act (RLTA). ORS 91.700 to ORS 91.895. ORS 91.755 provides:

"In any action on a rental agreement *or arising under ORS 91.700 to 91.895,* reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary. As used in this section, 'prevailing party' means the party in whose favor final judgment is rendered." (Emphasis supplied.)

He assigns as error that the court did not award attorney fees to him for prevailing on the RLTA claim. We reverse and remand.

Plaintiff's complaint alleged that defendant owned a rental home; that plaintiff was a visitor in the home; that, as he was leaving the front door, the railing on the front steps collapsed, causing him to fall and sustain personal injuries. In his first claim, based on the common law, plaintiff alleged that defendant was negligent, because he rented the home to a tenant when he knew that the railing was unsafe and did not inspect, repair or replace it or warn plaintiff. In the RLTA claim, plaintiff alleged that defendant caused the injuries and damages, because he failed to maintain the stairway and railing in an habitable condition, as ORS 91.770(1)(h) requires, and that, if plaintiff prevailed, he should receive reasonable attorney fees. Defendant filed a general denial, except that he admitted that he owned the rental home, and pleaded that he was entitled to attorney fees under RLTA. The jury returned a verdict that defendant was not "at fault in one or more of the respects claimed in plaintiff's complaint which caused damage to plaintiff."

The court ruled that it would not award defendant attorney fees under ORS 91.755, because it did not believe that it was appropriate to do that when the action amounted to a major personal injury claim. The court stated, in part:

"Now, when you transpose this into a claim for a major personal injury, the attorney fees statute doesn't really make any sense. * * *

"\* \* \* \* \*

"But if the plaintiff had recovered, I would not have awarded attorney fees. I don't think they're appropriate in this type of a case. The defendant prevailed. I'm not going to award attorney fees. I don't feel attorney fees are appropriate in this type of case.

"[T]he award of attorney fees would generally not be appropriate unless there were some unusual or extreme circumstances."

■    The trial court misinterpreted ORS 91.755. Defendant is entitled to recover attorney fees as the prevailing party in an action arising under RLTA, "barring unusual circumstances which might arise in any particular case." *Executive Mgmt. Corp. v. Juckett,* 274 Or 515, 519, 547 P2d 603 (1976).

■    Although plaintiff is not defendant's tenant, his second claim is one "arising under" RLTA. *Humbert v. Sellers,* 300 Or 113, 119, 708 P2d 344 (1985); *see also Jones v. Bierek,* 306 Or 42, 755 P2d 698 (1988). Moreover, this is not a case of unusual circumstances just because it is a "major personal injury" claim or because plaintiff combined a common law personal injury claim with an RLTA claim.

■    Nothing in the text of ORS 91.755 suggests that a person whose claims for damages for personal injury arise under RLTA should not recover attorney fees if he prevails. The risk of paying attorney fees to the prevailing party falls equally on both parties under ORS 91.755. *West v. French,* 51 Or App 143, 150, 625 P2d 144 (1981). Neither does the existence of other claims of the losing party affect the prevailing party's right to attorney fees. *Kunce v. Van Schoonhoven,* 83 Or App 458, 462, 732 P2d 70, *rev den* 303 Or 261 (1987).

■    Accordingly, the court erred when it denied defendant any attorney fees. He is entitled to attorney fees incurred in defending against plaintiff's RLTA claim. Defendant's affidavit, however, states, without allocation, the amount of fees that he incurred in defense of both the common law and RLTA claims. He does not state separately the fees incurred to defend against the RLTA claim. Because the court misinterpreted ORS 91.755 when it denied any attorney fees to defendant, it did not reach the question of allocation. It should determine on remand the reasonable amount to which defendant is entitled for his defense of the RLTA claim.

Reversed and remanded with instructions to award defendant attorney fees.