## APPLEBERRY,
*Appellant,*

*v.*

## BERRY et al,
*Respondents.*

(86-1852-J-1; CA A49049)

779 P2d 205

David V. Gilstrap, Ashland, argued the cause for appellant. With him on the briefs was Davis, Ainsworth, Pinnock, Gilstrap & Harris, P.C., Ashland.

Bernard S. Moore, Medford, argued the cause for respondents Donald W. Berry, Audrey L. Berry, David S. Chirgwin and Agnes I. Chirgwin. With him on the brief was Cowling & Heysell, Medford.

No appearance by respondent Mona Blount.

No appearance by respondent Gayle Hansen.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

### WARREN, J.

Plaintiff appeals the trial court's granting of landlord defendants'[1] motion to withdraw from the jury his claim under the Residential Landlord and Tenant Act (RLTA). The sole issue that we need to address is whether two swimming pool skimmer covers installed in a sidewalk adjacent to the pool constitute a "floor" under ORS 91.770(1)(h). We conclude that they do and reverse and remand.

Defendants rented a single family residence to two tenants. Plaintiff, a friend of one of the tenants, attended a party at that home and was injured when he stepped on two plastic covers of a swimming pool skimmer system and they collapsed. That system was a cleaning device for the pool. The swimming pool and the skimmer were in the backyard, which was accessible from the house through a sliding glass door that opened onto a concrete patio. The backyard was surrounded by a fence. Part of the patio was covered by a roof. The pool, which was uncovered, was adjacent to the covered portion of the patio and was surrounded by a concrete walkway. The skimmer covers were installed in the concrete walkway and were located on the side of the pool at the end farthest from the entrance to the house.

The skimmer system consisted of a pump, a filter and a basket for collected debris, all of which were concealed beneath the concrete sidewalk and were accessible by removing the two plastic covers. When the covers were in place, they were approximately flush with the sidewalk surface. They were designed to fit snugly into a plastic seat, which formed a support around the perimeter of the opening. The plastic seat was, in turn, supported by a concrete lip that was part of the sidewalk. Over the years, both the plastic seat and the underlying concrete had deteriorated, leaving only a small section supporting the plastic covers.

The trial court granted defendants' motion to withdraw plaintiff's RLTA claim from the jury on the ground that

---

[1] This appeal relates only to plaintiff's claim against landlords Berry and Chirgwin. Plaintiff also brought claims against the two tenants, Blount and Hansen. His claim against one tenant was voluntarily dismissed before trial, and summary judgment was granted in favor of the other. The tenants were not involved in this appeal.

the term "floor" in ORS 91.770(1)(h) does not "apply to surfaces adjacent to a swimming pool exterior." Plaintiff contends that the sidewalk in which the skimmer system is installed is a "floor" and that defendants are liable for his injuries, because they failed to maintain it in good repair. Defendants argue that the skimmer covers are not a "floor," because the swimming pool is not part of the "dwelling unit."[2] Rather, they contend that the covers are an "appurtenance" under ORS 91.770(1)(f) and that they have not breached any duty imposed by that subsection.

ORS 91.770 provides, in relevant part:

"(1)   A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"* * * * *

"(f)   Building, grounds and appurtenances at the time of the commencement of the rental agreement in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin;

"* * * * *

"(h)   Floors, walls, ceilings, stairways and railings maintained in good repair[.]"

That statute makes a distinction between "floors" and "grounds and appurtenances" and imposes different duties on the landlord for each. *Bellikka v. Green,* 306 Or 630, 634, 762 P2d 997 (1988). The landlord must maintain "floors" in "good repair." ORS 91.770(1)(h). "[G]rounds and appurtenances" need only be kept "clean, sanitary and free * * * of debris." ORS 91.770(1)(f). The purported disrepair of the skimmer

---

[2] ORS 91.705(3) provides, in relevant part:

"'Dwelling unit' means a structure or the part of a structure that is used as a home, residence or sleeping place by one person who maintains a household or by two or more persons who maintain a common household."

Defendants' argument that the swimming pool is not a "dwelling unit" completely misses the point. Plaintiff's injury was not caused by a dangerous condition of the pool; his injury resulted from the collapse of the skimmer covers. The proper question is whether the skimmer covers are a "floor" of a "dwelling unit."

covers would not fall under subsection (1)(f). Defendants are liable for plaintiff's injuries only if the skimmer covers in the sidewalk around the pool constitute part of a "floor."

"Floor" is not defined in ORS chapter 91. The Supreme Court has interpreted that term in *Humbert v. Sellars,* 300 Or 113, 708 P2d 344 (1985), in which the plaintiff, a guest, slipped on standing water on a patio that was in front of the entry of an apartment. The patio was enclosed by a fence and was contiguous to the entry. In holding that the patio was a "floor" of a "dwelling unit" within subsection (1)(h), the court stated:

> "While one definition of 'floor' might include only the part of a room upon which one stands, we believe that the legislature likely intended the term to include all floors in the dwelling unit, including an enclosed patio within the tenant's exclusive control." 300 Or at 119.

It also stated that "[t]here is no suggestion that floors, stairs and railings include only interior floors, stairs and railings." 300 Or at 121.

Defendants contend that the holding in *Humbert* is limited to a surface that is contiguous and in the natural path of ingress and egress to the dwelling unit. We disagree. The patio in *Humbert* and the sidewalk here were both constructed with the intent that persons walk on them. The skimmer covers were installed in the concrete sidewalk and, when in place, were flush with the sidewalk surface. From the nature of their design and installation, we conclude that the skimmer covers were also constructed with the intent that persons walk on them. On these facts, we hold that the skimmer covers are a "floor" within the meaning of subsection (1)(h). *See Humbert v. Sellars, supra.* The trial court erred in granting defendants' motion and removing from the jury the determination of defendants' liability under the RLTA.[3]

Defendants' argument that we should affirm on the

---

[3] Because of our disposition of this issue, we do not reach defendants' argument that the skimmer covers are an "appurtenance." We also do not address plaintiff's second assignment of error.

ground that the claim is barred by the Statute of Limitations is without merit.[4]

Reversed and remanded as to defendants Berrys and Chirgwins; affirmed as to defendants Blount and Hansen.

**BUTTLER, P. J.,** dissenting.

The primary question is whether a concrete walk around a swimming pool that is adjacent to a patio that, in turn, is adjacent to a house is a "floor" of a "dwelling unit" within the meaning of the Residential Landlord and Tenant Act. ORS 91.700 to ORS 91.895 (RLTA). If it is, the landlord must maintain it in "good repair;" if it is not, the landlord's only statutory obligation is to keep it "clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin * * *." ORS 91.770(1)(f) and (h).[1]

During oral argument, plaintiff's counsel conceded that the swimming pool is an "appurtenance" to the house. The pool's filtering system, obviously, is an appurtenance to the pool, and the surface skimmer, equally obviously, is an appurtenance to the filtering system, and its cover, which plaintiff claims was not kept in good repair, is an appurtenance to the skimmer. The majority does not explain how an appurtenance to an appurtenance to an appurtenance to a

---

[4] Although the RLTA claim was subject to a one-year limitation under ORS 12.125 and was filed more than one year after the cause of action arose, plaintiff alleged that defendant made an advance payment without proper notice to plaintiff of the expiration date of the Statute of Limitations, thereby tolling the limitation under ORS 12.155. At trial, the parties agreed to try the limitations issue to the court after the jury verdict on the common law claim. The RLTA claim had been taken from the jury so that it became unnecessary for the court to determine the limitations issue. That issue can be resolved on remand.

[1] ORS 91.770(1)(f) and (h) provide:

"(1) A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"* * * * *

"(f) Building, grounds and appurtenances at the time of the commencement of the rental agreement in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin, and all areas under control of the landlord kept in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin;

"* * * * *

"(h) Floors, walls, ceilings, stairways and railings maintained in good repair."

dwelling unit, becomes a "floor" of a "dwelling unit," particularly when "dwelling unit" is defined as a "structure or the part of a structure that is used as a home, residence or sleeping place * * *." ORS 91.705(3).

The majority relies solely on *Humbert v. Sellars,* 300 Or 113, 708 P2d 344 (1985), in which the plaintiff slipped and fell when she stepped from the dwelling's entry steps onto a patio on which there was an accumulation of water. In holding that the patio over which a person was required to travel in order to enter or leave the house was a "floor," the court said:

> "The specific inclusion, in ORS 91.770(1)(f) of the words '[b]uilding, grounds and appurtenances at the time of the commencement of the rental agreement in every part clean, sanitary and free from all accumulations of debris, filth, rubbish, garbage, rodents and vermin' suggest that the term 'dwelling unit' would include a patio floor such as is involved in this case. Section (1)(h) requires '[f]loors, walls, ceilings, stairways and railings [to be] maintained in good repair.' There is no suggestion that floors, stairs and railings include only interior floors, stairs and railings. We hold that the surface upon which the plaintiff was walking was a 'floor' within the definition of ORS 91.770(1)(h), and that the trial court erred in granting the defendants' motion for summary judgment." 300 Or at 121. (Footnotes omitted.)

Curiously, the court did not distinguish between the landlord's duty with respect to "grounds and appurtenances" and "floors" and did not, as Judge Lent in his concurring opinion and Judge Campbell in his dissent pointed out, purport to decide whether the landlord was required to keep the patio "clean, sanitary and free from all accumulations of debris" or whether he was required to maintain it in good repair or, for that matter, whether the plaintiff's allegations of negligence amounted to a breach of either of those statutory breaches of duty.

However, in *Bellikka v. Green,* 306 Or 630, 762 P2d 997 (1988), the court made it clear that a landlord's statutory duty is different, depending on whether the claim relates to "grounds and appurtenances" or to "floors, walls, ceilings, stairways and railings:

> "Plaintiff seeks to erase the distinction between floors and grounds that this court made in *Humbert.* The statute sets different standards for different parts of the property. With

regard to 'floors'—at issue in *Humbert*—the landlord must maintain them in 'good repair.' As to 'grounds,' they must be 'clean, sanitary and free from accumulation of debris.'" 306 Or at 634.[2]

In *Bellikka,* the plaintiff was injured when she stepped into a concealed hole in the lawn while "trick or treating" on Halloween. The court, distinguishing the case from *Humbert v. Sellars, supra,* held that the landlord was not obligated to keep the "grounds and appurtenances" in good repair under ORS 91.770(1)(f).

To me, this case is governed by *Bellikka v. Green, supra.* In *Humbert v. Sellars, supra,* the plaintiff was required to walk on the patio in order to enter or leave the house; here, plaintiff was not required to walk on or along the concrete walk adjacent to the swimming pool in order to enter or leave the house. The landlord's statutory duty was to maintain that area, containing appurtenances, clean and sanitary and free from accumulation of debris. There was no contention or evidence that defendant failed to do that.

In the alternative, plaintiff contends that defendants breached ORS 91.770(1)(i) by not maintaining a "facility" in good repair. That subsection provides:

"Ventilating, air conditioning and other facilities and appliances, including elevators, maintained in good repair if supplied or required to be supplied by the landlord."

Obviously, the statutory language is not a specific, all-inclusive list; however, if it were, the doctrine of *expressio unis est exclusio alterius* would be applicable, excluding items not specifically named. Plaintiff apparently contends that the statute includes a general list of items that should be construed to include a swimming pool and related appurtenances. Granted that the statute sets forth a general, rather than a specific, list, I do not agree that the general list includes a

---

[2] The court's interpretation of the relevant statutory provisions in *Bellika* appears to be at odds with the language quoted above from *Humbert v. Sellars, supra. Humbert* appears to say that, because a dwelling unit includes "building, grounds and appurtenances," ORS 91.770(1)(f), it would also include a patio floor; because a floor need not be inside, ORS 91.770(1)(h) includes a patio floor. If that rationale is correct, it would seem to follow that "grounds and appurtenances" must be kept in good repair. *Bellikka* clearly holds that that conclusion is wrong.

swimming pool and its appurtenances under the doctrine of *ejusdem generis.* In *Bellikka v. Green, supra,* the court said:

> "But when the legislature chooses to state both a general standard and a list of specifics, the specifics do more than place their particular subjects beyond the dispute; they also refer the scope of the general standard to matters of the same kind, often phrased in Latin as *'ejusdem generis.'* " 306 Or at 636.

The cover for a surface skimmer appurtenant to a swimming pool filtering system appurtenant to a swimming pool appurtenant to a dwelling is not of the same kind and nature as ventilating and air conditioning systems or elevators. Rather, "grounds and appurtenances" are covered by ORS 91.770(1)(f).

Accordingly, I would affirm the trial court's granting defendant's motion for judgment of involuntary dismissal on all of plaintiff's claims based on the RLTA, and I therefore dissent.