Argued and submitted May 20, at Pendleton, Oregon, reversed September 29, reconsideration denied December 8, petition for review denied December 21, 1993
(318 Or 246)

Barbara MADDEN
and Richard Madden, husband and wife,
dba JCD Distributing,
*Respondents,*

*v.*

Donald THOMASSON,
*Appellant.*

(91-03-92 CV; CA A75973)

859 P2d 1190

Emil R. Berg, Ontario, argued the cause for appellant. With him on the briefs were Carl Burnham, Jr., Bruno Jagelski and Yturri, Rose, Burnham, Bentz & Helfrich, Ontario.

David B. Hydes, Canyon City, argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant appeals from a judgment for plaintiffs on their claim under the Residential Landlord and Tenant Act (RLTA) after a jury trial. He argues that the trial court erred in denying his motion for directed verdict.[1] ORCP 60. The sole issue is whether commercial tenants who lease premises downstairs from a residential tenant's apartment are "aggrieved parties" within the meaning of the RLTA.[2] We conclude that they are not and reverse.

We will affirm the trial court's denial of defendant's motion for directed verdict "unless we can affirmatively say that there is no evidence from which the jury could have found the facts necessary to establish the elements of plaintiff's cause of action." *Brown v. J. C. Penney Co.*, 297 Or 695, 705, 688 P2d 811 (1984). Defendant owns a two story building in John Day. He rents the upstairs as an apartment to Lopez and the downstairs as a storage area to plaintiffs for their food distributing business. Plaintiffs do not live on the premises. On the night of December 22, 1990, the temperature dropped to near or below zero. An unused standpipe in Lopez's apartment burst, flooding his apartment and damaging inventory in plaintiffs' storage room. As a result, plaintiffs brought this action seeking damages. They alleged that defendant was negligent, that he breached the parties' lease agreement, and that he violated ORS 90.320(1)(b).[3] After

---

[1] Because of our disposition of defendant's motion for directed verdict, we do not address his other assignments of error.

[2] The Residential Landlord Tenant Act is found at ORS 90.100 to ORS 90.940. ORS 90.125 provides:

"(1) The remedies provided by ORS 90.100 to 90.940 shall be so administered that an aggrieved party may recover appropriate damages. The aggrieved party has a duty to mitigate.

"(2) Any right or obligation declared by ORS 90.100 to 90.940 is enforceable by action unless the provision declaring it specifies a different and limited effect."

[3] ORS 90.320(1) provides, in part:

"A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered uninhabitable if it substantially lacks:

"* * * * *

"(b) Plumbing facilities which conform to applicable law in effect at the time of installation, and maintained in good working order."

plaintiffs presented their case, the trial court granted defendant's motions for directed verdict on plaintiffs' negligence and breach of contract claims, but denied defendant's motion as to the RLTA claim. The jury returned a verdict in favor of plaintiffs on that claim. The issues on appeal concern only the RLTA claim.

■     Under the RLTA, a landlord's liability may extend to others besides the tenant. *See Humbert v. Sellars*, 300 Or 113, 119, 708 P2d 344 (1985). ORS 90.125(1) provides that the remedies under the RLTA "shall be so administered that an aggrieved party may recover appropriate damages." In *Humbert v. Sellars, supra,* and in *Brewer v. Erwin*, 287 Or 435, 441, 600 P2d 398 (1979), the Supreme Court adopted the definition of an "aggrieved party" from the Uniform Residential Landlord and Tenant Act, which says:

> "The use of the words 'aggrieved party' is intended to indicate that in *appropriate circumstances*, rights and remedies may extend to third persons under this Act or supplementary principles of law * * *." 7A Uniform Laws Annotated § 1.105(1) (1978). (Emphasis supplied.)

The Supreme Court and we have found it "appropriate" to extend the remedies of the RLTA to a residential tenant's guests or visitors for injuries that occur on the residential premises. *See Billikka v. Green*, 306 Or 630, 762 P2d 997 (1988); *Humbert v. Sellars, supra*; *Appleberry v. Berry*, 98 Or App 398, 779 P2d 205, *rev den* 308 Or 608 (1989); *Steininger v. Tosch*, 96 Or App 493, 773 P2d 15, *rev den* 308 Or 198 (1989). In *Humbert*, the plaintiff was a guest of the defendant's tenant and was injured when she slipped on a wet patio floor in front of the tenant's apartment. The court held that the plaintiff could bring a claim under the RLTA, because

> "[a]n aggrieved party includes a tenant's guest who is injured by a landlord's failure to maintain the premises in a habitable condition, if the tenant herself could recover damages for the same injury. The measure of a 'habitable condition' may be what is habitable by those who reside in the premises, but when the measure is breached, ORS 91.725 recognizes that others may suffer the consequences. The plaintiff therefore has a cause of action if she is injured because of the defendants' breach of the act." 300 Or at 119.

■■■ We think that, by "appropriate circumstances," the Supreme Court meant those circumstances in which it is appropriate to extend the coverage of the RLTA in order to effectuate the purposes of the Act. The purpose of the RLTA is to regulate the rental of dwelling units and to encourage both landlords and tenants to maintain habitability of residential premises.[4] In the light of this purpose, we do not believe that the legislature intended to protect commercial tenants merely because they occupy premises for business purposes in the same building as residential tenants. This case involves damage that occurred on non-residential premises that was caused by a condition on adjoining rented residential premises. Those damages are beyond the scope of the RLTA, which focuses on injuries that occur on the rented residential premises because of a breach of the statutory duty to maintain habitable conditions. We hold that there is no evidence to establish a claim under the RLTA, and that the trial court erred in denying defendant's motion for directed verdict.

Reversed.

---

[4] *See* Minutes, Senate Local Government and Urban Affairs Committee, March 20, 1973, p 2 (Exhibit 177).